UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YEONKUM PARK,

Plaintiff,

- against -

**REPORT & RECOMMENDATION**
**13 CV 2879 (DLI)(LB)**

SUGASUNG, INC. *d/b/a Samdado*,
JAE HENG HWANG, CHE SON RYU
and YEON SU RYU,

Defendants.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On July 22, 2014, the Honorable Chief Judge Dora L. Irizarry adopted my Report and Recommendation and dismissed plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff now moves for reconsideration of the dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. The Honorable Dora L. Irizarry referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for reconsideration should be granted and the judgment should be vacated.

## BACKGROUND

Plaintiff commenced this FLSA and NYLL action against her former employer by filing a complaint on May 15, 2013. (Compl., ECF No. 1.) Plaintiff alleges that while she was employed as a cook at Samdado restaurant from September 5, 2011 to October 14, 2012, she worked on average approximately 72 hours per week and defendants failed to pay her overtime and other wages. (Compl. ¶¶ 3, 10–16.) On September 20, 2013, proof of service was filed as to all defendants, a corporation and three individuals. (ECF Nos. 5–8.) Only defendant Yeon Su

Ryu responded to plaintiff's complaint by filing a *pro se* answer. (ECF No. 4.)

The Court held an initial pretrial conference on October 24, 2013 and granted the remaining defendants an extension of time to respond to plaintiff's complaint. (ECF No. 11.) The Court also ordered plaintiff to move for the entry of default against any nonresponsive defendant by December 6, 2013. On February 28, 2014, the Court noted that although no additional defendants had responded to plaintiff's complaint, plaintiff had not moved for entry of a default judgment against the nonresponsive defendants as directed by the Court. (ECF No. 12.) The Court ordered plaintiff to take appropriate action against the nonresponsive defendants by March 14, 2014, and warned plaintiff that her case would be dismissed for failure to prosecute if she failed to take action.

On May 8, 2014, after plaintiff failed to take any further action, I issued a Report and Recommendation ("R. & R."), recommending that the case should be dismissed for failure to prosecute. (R. & R., ECF No. 13.) No objections were filed to the R. & R., which was adopted on July 22, 2014. (Order dated July 22, 2014.) The Clerk entered judgment in favor defendants on that same day. (ECF No. 14.)

Meanwhile, unbeknownst to the Court, on December 2, 2013, plaintiff on the advice of her former attorney, Alex J. Ru, entered into a settlement agreement with defendants. (Park Aff. ¶ 10, ECF No. 17-2.) Plaintiff signed the settlement agreement as did all of the defendants. (Id. ¶ 11.) Plaintiff's affidavit does not specify the amount she agreed to accept to settle the case, except she states that the settlement award was "much lower than I deserved." (Id.) Plaintiff agreed that the settlement award would be paid to her in seven installments, but she only received the first payment. (Id. ¶ 12.) After the first payment, defendants failed to pay her the remaining amount required under the terms of the settlement agreement. (Id. ¶ 14.)

In April 2014, due to her limited English proficiency, plaintiff asked her son to follow up with Mr. Ru regarding the missed payments and the status of the case. (Id. ¶¶ 17–18.) Over the next ten months, plaintiff's son tried to contact Mr. Ru and Mr. Ru's colleague by telephone and email on multiple occasions, but Mr. Ru did not respond or was not forthcoming.[1] (Id. ¶¶ 18, 20, 21–27.) At no point was plaintiff informed by her attorney that the Court had ordered that she move the case forward or the case would be dismissed. (Id. ¶ 15.) Moreover, Mr. Ru never informed plaintiff or her son that the Court dismissed the case. (Id. ¶¶ 19, 21, 24, 27.) Plaintiff states that after she signed the settlement agreement, Mr. Ru disappeared. (Id. ¶ 28.) Plaintiff only learned that her case had been dismissed when she retained new counsel.[2] (Id.)

Plaintiff's new counsel moves for reconsideration of the Court's order and judgment dismissing the case on July 22, 2014 for failure to prosecute. (Pl. Mem. of Law In Supp. of the Mot. for Reconsideration ("Pl. Mot."), ECF No. 17-1.) The motion is unopposed.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) sets forth six specific grounds upon which a court may "relieve a party or its legal representative from a final judgment." Fed. R. Civ. P. 60(b). Plaintiff seeks to vacate the judgment in favor of defendants based on extraordinary circumstances pursuant to Rule 60(b)(6). (Pl. Mot. 10.) Relief pursuant to Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted); see also DeLong v. Soufiane, No. 05-CV-5529, 2008 WL 4561617, at

---

[1] Six emails from plaintiff's son to Mr. Ru are attached to plaintiff's affidavit. (Park Aff. Ex. A–D.)

[2] Tiffany Ma filed a notice of appearance on plaintiff's behalf on June 8, 2015. (ECF No. 15.)

3

\*2 (E.D.N.Y. Oct. 10, 2008) ("It is well established that the appropriate occasion for Rule 60(b)(6) relief is limited to cases where the movant can show "extraordinary circumstances" or "extreme hardship.") (quoting Harris v. U.S., 367 F.3d 74, 80 (2d Cir. 2004) (citation omitted)). In addition to finding an extraordinary circumstance which would warrant the Court to vacate the judgment, "the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result." Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc., 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (citing Figueroa v. Walsh, No. 00–CV–1160, 2008 WL 1945350, \*4 (E.D.N.Y. May 1, 2008) (citation omitted)).

"Although an attorney's negligence or dereliction will not ordinarily constitute the 'extraordinary circumstances' required to grant Rule 60(b)(6) relief, there is an exception for cases in which the lawyer's failures are 'so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance.'" Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C., No. 07-CV-0612, 2011 WL 4529605, at \*6 (E.D.N.Y. Sept. 28, 2011) (quoting Harris, 367 F.3d at 81)). For example, an attorney's failure to oppose a dispositive motion has been held sufficient pursuant to Rule 60(b)(6) for a Court to find constructive disappearance. Azzolini v. Marriot Int'l, Inc., No. 99 Civ. 11605, 2004 WL 360448, at \*1 (S.D.N.Y. Feb. 25, 2004), adhered to on reconsideration, 2004 WL 758406 (S.D.N.Y. Apr. 7, 2004) (granting a Rule 60(b) motion and reopening case because dismissal "was the result of a complete failure on such counsel's part to even minimally attend to his obligations."). An attorney's inaction may constitute a constructive disappearance without expert testimony. Id. (citing Nurani v. Marissa by GHR Industries Trading Corp., 151 F.R.D. 32, 35 (S.D.N.Y. 1993); see also Ituarte v. Chevrolet Motor Div., No.

4

86 Civ. 2843, 1989 WL 10562, at *4 (E.D.N.Y. Feb. 2, 1989) ("[I]t does not require medical expertise to know that when a competent veteran attorney suddenly fails to perform, and covers up his non-performance by lying to his clients and his colleagues, something is obviously wrong with him." (citation omitted)).

Plaintiff's former counsel constructively disappeared when he failed to comply with or notify plaintiff regarding the Court's orders and the dismissal of this action. This failure qualifies as an extraordinary circumstance under Rule 60(b)(6). As set forth in plaintiff's affidavit and exhibits, plaintiff's former counsel failed to even minimally satisfy his obligations to plaintiff. See Azzolini, 2004 WL 360448, at *1. When this Court recommended that plaintiff's case be dismissed for failure to prosecute, plaintiff's counsel failed to object. When the case was ultimately dismissed on July 22, 2014, plaintiff's counsel failed to inform plaintiff, despite plaintiff's son's emails and telephone calls trying to reach counsel.

Rule 60(b)(6) claims must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). In light of the instant circumstances, plaintiff's motion for reconsideration was brought within a reasonable time after entry of the judgment. "In this Circuit, a reasonable time is within eighteen months." Rowe Entm't v. William Morris Agency Inc., No. 98 Civ. 8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) (citing Maisonet v. Conway, No. 04-CV-2860, 2011 WL 317833, at *3 n.3 (E.D.N.Y. Jan. 31, 2011) (listing cases)). Here, plaintiff's motion for reconsideration was filed less than eighteen months after the entry of judgment.[3] Moreover, defendants will not be prejudiced if the order of dismissal is vacated. Despite being served with the plaintiff's motion for reconsideration, defendants have not filed an

---

[3] Plaintiff's new counsel sought judicial intervention approximately one year after the case was dismissed when she filed a pre-motion conference letter in August 2015. (ECF No. 16.) Plaintiff's counsel states that this letter was filed just five months after plaintiff discovered that her case had been dismissed. (Pl. Mot. 12.) The instant motion for reconsideration was filed approximately sixteen months after the case was dismissed.

5

opposition. See DeLong, 2008 WL 4561617, at *5 (finding no prejudice to 60(b) relief in part because defendants did not oppose plaintiff's motion); see also Nurani, 151 F.R.D. at 36 ("[T]he passage of time is not a sufficient ground" for establishing prejudice (citing Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983)). Accordingly, it is respectfully recommended that plaintiff's motion for reconsideration should be granted.

Finally, plaintiff contends that the settlement agreement is unenforceable and seeks to litigate this case on the merits if the motion for reconsideration is granted. Although the Court is greatly concerned that plaintiff's former attorney mislead plaintiff and failed to inform the Court regarding the parties settlement agreement, the Court should not address the enforceability of the parties' December 2013 settlement agreement on the instant motion.

Plaintiff argues that the settlement agreement is unenforceable because a FLSA action may only be dismissed if the district court or the Department of Labor ("DOL") approves the settlement. (Pl. Mot 13.) The concerns that motivated the Second Circuit's opinion in Cheeks v. Freeport Pancake House, Inc. are starkly presented in this case. Cheeks definitively held that the parties' stipulated dismissal settling FLSA claims with prejudice require Court approval. Cheeks, 796 F.3d 199, 206 (2d Cir. 2015). Although Cheeks was decided after this case was dismissed, prior to Cheeks, many judges required that settlements filed in FLSA actions be reviewed for fairness. See Cheeks, 796 F.3d at 204 ("[T]he majority of district courts in our Circuit continue to require judicial approval of private FLSA settlements." (collecting cases)). To illustrate the role that judicial approval plays in furthering the remedial purpose of the FLSA, the Second Circuit's Cheeks opinion cited Chief Judge Irizarry's decision in Socias v. Vornado Realty L.P.:

> Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly. In recognition of this problem, the FLSA is distinct from all other employment statutes.

Id. (citing Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40 (E.D.N.Y.2014)). Thus, judicial approval of FLSA settlements serves as a bulwark to protect employees like plaintiff who lack equal bargaining power and who unfortunately, as plainly demonstrated by the facts of this case, cannot depend on their attorney.

Plaintiff also argues that the settlement agreement is unenforceable because defendants breached it. (Pl. Mot. 13.) However, a settlement agreement is a contract that "once entered into . . . is binding and conclusive." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007) (citation omitted). It is clear from plaintiff's affidavit that she entered into a written settlement agreement signed by all parties. (Park Aff. ¶ 11.) Thus, if the settlement agreement is found to be enforceable, under the principles of contract law the Court cannot relieve a party of its "strategic choice to settle . . . . " Powell, 497 F.3d at 128 (citation omitted). Accordingly, plaintiff's recourse may be an action to enforce the settlement agreement.

However, the Court should leave enforceability of the settlement agreement for another day. As the Court finds that plaintiff has established extraordinary circumstances in that her former attorney constructively disappeared and mislead her, plaintiff's motion for reconsideration under Rule 60(b)(6) should be granted.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended plaintiff's motion to vacate the judgment entered on July 22, 2014 in favor of the defendants should be granted and the Clerk of Court should be directed to reopen this case. Plaintiff's counsel is hereby ordered to serve a copy of this Report upon defendants and to file proof of service with the Court forthwith. The Clerk of Court is also requested to mail a copy of this Report to defendants.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 24, 2016
       Brooklyn, New York