UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YEONKUM PARK,

                Plaintiff,              **REPORT & RECOMMENDATION**
                                                                                   13 CV 2879 (DLI)(LB)

   -against-

SUGASUNG, INC. D/B/A SAMDADO;
YEON SU RYU; JAE HENG HWANG;
and CHE SON RYU,

                Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Yeonkum Park ("Park") brings this civil action against defendants Sugasung, Inc., Jae Heng Hwang, Che Son Ryu, and Yeon Su Ryu (collectively "defendants") alleging that defendants violated her rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and the New York Labor Law, Art. 6, §§ 190-99, and Art. 19, §§ 650-65 (collectively "NYLL"). Despite proper service of the summons and complaint, defendants Sugasung, Inc., Jae Heng Hwang, and Che Son Ryu have failed to plead or otherwise defend this action. Although defendant Yeon Su Ryu filed an answer *pro se*, he never appeared as ordered by the Court. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against all defendants. The Honorable Dora L. Irizarry referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion should be granted and that a default judgment should be entered against defendants in the total amount of $40,718.29.

## BACKGROUND[1]

Sugasung, Inc. is a New York corporation operating under the name "Samdado." See Plaintiff's Complaint ("Compl."), ¶ 4. Plaintiff alleges that defendants Jae Heng Hwang, Che Son Ryu, and Yeon Su Ryu are each an "owner, officer, director, and/or managing agent" of Samdado, and each one of them "established the schedules of the employees, set the terms and conditions of employment and had the authority to hire and fire employees." Id. ¶¶ 5-7. Plaintiff alleges that defendants employed her as a cook from September 5, 2011 to October 14, 2012. Id. ¶ 3.

From September 2011 to December 2011 and from April 2012 to October 2012, plaintiff worked six days a week. Id. ¶¶ 10, 12. During these two periods of employment, plaintiff alleges that she worked 12 hours per workday for a total of 72 hours per week. Id. ¶ 14. Additionally, plaintiff claims that from January 2012 to March 2012 she worked five days a week. Id. ¶ 11. During this period, plaintiff alleges that she worked 12 hours per workday for a total of 60 hours per week. Id. ¶ 14. Plaintiff alleges that defendants failed to pay her an overtime premium throughout her employment. Id. ¶ 15. Furthermore, plaintiff alleges that defendants failed to pay her any wages for the hours worked from September 17, 2012 to October 14, 2012, the final month of her employment. Id. ¶ 13. Finally, plaintiff claims that defendants failed to pay her "spread of hours" compensation and failed to provide pay statements or a written notice regarding her rate of pay. Id. ¶¶ 16-18.

---

[1] The facts are drawn from the uncontested allegations contained in plaintiff's complaint, and are taken as true for the purposes of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F. 3d 105, 108 (2d Cir. 1997) (deeming well-pleaded allegations in complaint admitted on motion for a default judgment).

**PROCEDURAL HISTORY**

On May 15, 2013, plaintiff commenced this action alleging that defendants violated the FLSA and NYLL. See Compl. ECF No. 1.

On July 29, 2013, Yeon Su Ryu answered the complaint *pro se*. ECF No. 4. On February 28, 2014, the Court directed plaintiff to move for a default judgment against Sugasung, Inc., Jae Heng Hwang, and Che Son Ryu as the defendants failed to answer or otherwise appear. ECF No. 12. On May 8, 2014, after plaintiff failed to move for a default judgment, I recommended that the case should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 13. On July 22, 2014, the Report and Recommendation was adopted.

On June 8, 2015, almost one year after the case was dismissed, plaintiff, through new counsel, moved to vacate the Court's July 22, 2014 Order. ECF No. 17. Defendants failed to oppose the motion. On August 24, 2016, I issued a Report and Recommendation that plaintiff's motion should be granted. ECF No. 19. On September 29, 2016, the Report and Recommendation was adopted, and the case was reopened.

On November 11, 2016, the Court granted plaintiff permission to move for a default judgment against defendants.[2] On January 6, 2017, plaintiff filed her motion for a default judgment, and the motion was referred to me.

**DISCUSSION**

**I.  Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative

---

[2] Although Yeon Su Ryu answered the complaint, ECF No. 4, he failed to appear at several Court ordered conferences. ECF No. 45. Accordingly, plaintiff was granted leave to move for a default judgment against Yeon Su Ryu as well as the other defendants.

3

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Id. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")). On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc., 109 F.3d at 108. In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (quoting Leider v. Ralfe, No. 01 CV 3137 (HB)(FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. Id. (citation omitted). The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or

4

evidence gleaned from a hearing on damages. See Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111.

## II. Liability

The FLSA provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [s]he is employed.

29 U.S.C. § 207(a)(1). "To succeed on a FLSA overtime claim, plaintiff must show that: (1) [s]he was an employee who was eligible for overtime (not exempt from the Act's overtime pay requirements); and (2) that [s]he actually worked overtime hours for which [s]he was not compensated." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (citation omitted). The FLSA contains several exemptions from its overtime requirement, but "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974).

In addition to the FLSA, plaintiff also seeks relief under the NYLL. With regard to state overtime wage claims, "the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA," and thus the analysis may be performed in tandem. Hosking, 602 F. Supp. 2d at 447 (internal quotation marks, alteration, and citation omitted); see also 12 N.Y.C.R.R. § 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . .").

Plaintiff alleges that Samdado is involved in interstate commerce and, throughout her employment, had gross sales exceeding $500,000. Compl. ¶ 4. Additionally, plaintiff claims that

5

she was employed by Samdado, at all times relevant to this action, within the meaning of the FLSA and NYLL. Id.; see 29 U.S.C. § 203(s)(1)(A)(ii) (requiring gross revenues exceeding $500,000); N.Y. Labor Law § 651(5) (defining "employee"). Plaintiff alleges that she worked in excess of forty hours each week, and that defendants willfully and intentionally failed to pay her overtime and spread of hours pay. Compl. ¶ 3. Additionally, plaintiff claims that she was not paid any wages from September 17, 2012 to October 14, 2012. Id. ¶ 13. These allegations, accepted as true, establish Samdado's liability under the FLSA and NYLL. See 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4.

Additionally, plaintiff's complaint establishes the individual defendants' liability. Plaintiff alleges that Jae Heng Hwang, Che Son Ryu, and Yeon Su Ryu were each an "owner, officer, director, and/or managing agent" of Samdado, and each one of them "established the schedules of the employees, set the terms and conditions of employment and had the authority to hire and fire employees," including plaintiff. Compl. ¶¶ 5-7. These factual allegations, accepted as true, establish each individual defendants' liability under both the FLSA and NYLL. See Irizarry v. Catsimatidis, 722 F.3d 99, 110-11 (2d Cir. 2013) (requiring that an individual exercise "operational control" to impose individual liability under the FLSA).

As the factual allegations in plaintiff's complaint establish defendants' liability under the FLSA and the NYLL, it is respectfully recommended that plaintiff's motion for a default judgment should be granted.

**III.   Damages**

It is well established that when a party is in default, it is "deemed to constitute a concession of all well[-]pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699

6

F.3d 230, 234 (2d Cir. 2012) (citation omitted); see also Credit Lyonnais Secs. (USA), Inc. v. Alcantra, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint, with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Chanel, Inc. v. Jean-Louis, No. 06 CV 5924 (ARR)(JO), 2009 WL 4639674, at *4 (E.D.N.Y. Dec. 7, 2009) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

"Under the FLSA, an employee seeking to recover unpaid minimum wages or overtime 'has the burden of proving that he performed work for which [s]he was not properly compensated.'" Jiao v. Chen, No. 03 Civ. 0165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). "When an employer fails to comply with the FLSA's record-keeping requirements, however, . . . [t]he plaintiff is able to meet [her] initial burden under the statute by relying on [her] recollection alone." Id. at **8–9 (citations omitted); see also Rodriguez v. Queens Convenience Deli Corp., No. 09 CV 1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) ("[A] plaintiff may meet his or her burden of establishing how many hours he or she worked by relying solely on his or her recollection." (internal quotation and citation omitted)). A sworn declaration from plaintiff may provide a sufficient basis for the Court to determine damages. Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195 (LLS)(JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012) ("An affidavit that sets forth the number of hours worked is sufficient.").

Here, plaintiff submitted a memorandum of law in support of her motion, ECF No. 49-1, and a sworn declaration, ECF No. 49-7, and plaintiff's counsel submitted contemporaneous time and billing records. ECF No. 49-2. The Court relies on these documents to determine plaintiff's damages and attorney's fees.

### A. Unpaid Overtime Premiums Under the FLSA and NYLL

Plaintiff seeks recovery of unpaid overtime wages for work she performed between September 2011 and October 2012. Plaintiff may recover unpaid compensation under the FLSA and the NYLL, but when the statutory periods of the FLSA and the NYLL overlap, plaintiff cannot recover "for those unpaid wages under both statutes, because doing so would provide a double recovery." Janus v. Regalis Const., Inc., No. 11 CV 5788 (ARR)(VVP), 2012 WL 3878113, at *7 (E.D.N.Y. July 23, 2012); see also Maldonado, 2012 WL 1669341, at *5 (explaining that a plaintiff may not simultaneously recover under both statutes for the same injury). FLSA claims are limited to unpaid wages that accrued within the two years prior to the commencement of the lawsuit, or three years for willful violations. See 29 U.S.C. § 255(a). Here, plaintiff alleges that Samdado willfully violated the FLSA. Compl. ¶ 3. Accordingly, the Court applies the three-year limitations period to plaintiff's FLSA claim. See Vinas v. Pullini Subsurface Contractors, Inc., No. 11 CV 2765 (FB)(LB), 2012 WL 6641662, at *4 (E.D.N.Y. Oct. 5, 2012) adopted by 2012 WL 6633929 (E.D.N.Y. Dec. 20, 2012) ("The court deems [willfulness] admitted given defendant's default."). The statute of limitations for a violation of NYLL is six years. See N.Y. Lab. Law § 663(3). Plaintiff filed this action on May 15, 2013. Accordingly, plaintiff is entitled to unpaid overtime wages under either the FLSA or NYLL for work performed between September 2011 and October 2012.

Plaintiff's overtime rate is one and a half times her regular hourly rate of pay. See C.F.R. § 778.113(a) ("If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate."); see also Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d. 327, 338 (S.D.N.Y. 2005) (applying C.F.R. § 778.113 to calculate overtime damages by dividing weekly compensation by total number of hours worked in a given week). Here, plaintiff's regular rate of pay is $12.50 and her overtime rate is $18.75.[3] See Memorandum of Law at 6.

Plaintiff may recover unpaid overtime wages for work performed between September 5, 2011 and December 30, 2011, as well as the work performed between April 1, 2012 and October 14, 2012. Plaintiff was paid $900 per week for 72 hours of work during each of these periods.[4] Accordingly, with an overtime premium of $6.25,[5] plaintiff is owed $8,914.29.[6] Plaintiff may also recover unpaid overtime wages for work performed between December 31, 2012 and March 31, 2012. During this period, plaintiff was paid $750 per week for 60 hours of work. Again, as plaintiff was paid $12.50 per hour, she is entitled to an additional $6.25 for each overtime hour worked. Accordingly, plaintiff is owed $1,625.[7] In total, plaintiff should be awarded $10,539.29 in unpaid overtime wages.

---

[3] Throughout her employment, plaintiff worked either 72 hours per week and was compensated $900, or she worked 60 hours per week and was compensated $750. Notwithstanding the different hours and weekly pay, plaintiff's hourly rate was $12.50 throughout her employment.

[4] This period includes the hours worked between September 17, 2012 and October 14, 2012. As discussed *infra*, in section III(B), plaintiff is entitled to her wages and overtime premiums for this period.

[5] Plaintiff acknowledges that she is entitled to overtime premiums based on an hourly rate of $12.50. However, plaintiff's memorandum of law incorrectly requests $18.75 per hour. See Memorandum of Law at 6. Plaintiff is entitled to $6.25 as the overtime premium ($18.75 minus $12.50).

[6] Plaintiff accrued 32 hours of overtime per week over a period of 44.6 weeks. Those hours multiplied by $6.25 equals $8,914.29.

[7] Plaintiff worked 20 hours of overtime per week for 13 weeks. Those hours multiplied by $6.25 equals $1,625.

### B. Unpaid Wages Under the NYLL

Plaintiff seeks recovery of unpaid wages for work performed between September 17, 2012 and October 14, 2012. Compl. ¶ 13. "If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period which the termination occurred . . . ." N.Y. Lab. Law § 198(3). A plaintiff sufficiently pleads a violation of NYLL § 198(3) by alleging they "were not paid the wages owed them upon the termination of their employment." Shim v. Millennium Group, No. 08 CV 4022 (FB)(VVP), 2009 WL 211367, at *4 (E.D.N.Y. Jan. 28, 2009). "Plaintiffs are entitled to the full amount of their unpaid wages under the [New York] Labor Law, which requires payment of all unpaid wages." Jemine v. Dennis, 901 F. Supp. 2d 365, 379 (E.D.N.Y. 2012) (citing N.Y. Lab Law § 198(3)); Chun Jie Yin v. Kim, No. 07 CV 1236 (DLI)(JO), 2008 WL 906736, at *6 (E.D.N.Y. March 7, 2008); Jowers v. DME Interactive Holdings, Inc., No. 00 CV 4753 (LTS)(KNF), 2006 WL 140861, at *9 (S.D.N.Y. May 22, 2006). Plaintiff worked 72 hours per week, without any compensation, from September 17, 2012 to October 14, 2012. At a rate of $12.50 per hour, plaintiff is entitled to a total of $3,471.43 in back wages for the work performed during that period.[8]

### C. Spread-of-Hours Damages

Plaintiff seeks recovery under the NYLL for spread-of-hours. "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which the spread of hours exceeds 10 hours . . . ." 12 NYCRR § 142-2.4; see also Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015) (A spread-of-hours claim entitles an employee "to recover compensation for an extra hour of work at the minimum wage for each day that the employee work[ed] in excess of ten hours."). The New

---

[8] This amount does not include plaintiff's overtime premiums for this period which were granted *supra*, section III(A).

10

York Department of Labor's interpretation of the statute limits the availability of spread of hours premiums to employees whose regular pay rate is less than or equal to the minimum wage. See N.Y.S. Dep't of Labor March 16, 2007 Opinion Letter at 1, File No. RO-07-0009, http://labor.ny.gov/legal/counsel/pdf/Minimum%20Wage%20Orders/RO-07-0009A.pdf (visited August 4, 2017); see also Fermin, 93 F. Supp. 3d at 45 ("[A] limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff not earn more than the minimum wage.") (citing Guadalupe v. Tri-State Emp't Mgmt. & Consulting Inc., No. 10 CV 3840 (NG)(CLP), 2013 WL 4547242, at *12-13 (E.D.N.Y. Aug. 2, 2013)). "The Second Circuit has not yet addressed this issue definitively, but the majority rule in the Eastern and Southern Districts appears to be that employees who earn more than the minimum wage are not entitled to spread-of-hours compensation." Ramos v. Telgian Corp., 176 F. Supp. 181, 202 (E.D.N.Y. 2016).

Here, the Court follows the majority rule by adopting the Department of Labor's interpretation regarding the availability of spread of hours premiums. Accordingly, because plaintiff was paid a regular rate of $12.50 per hour throughout her employment, Compl. ¶¶ 12, 13, 14; see also Memorandum of Law at 6, plaintiff's request to recover spread-of-hours pay should be denied.[9]

### D. Liquidated Damages

Plaintiff seeks liquidated damages for the entire period of her employment under both the FLSA and NYLL. Compl. ¶ 4. Under the FLSA, an employer is liable, after violating overtime compensation law, for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Additionally, liquidated damages under the NYLL are calculated as 100% of the total amount of underpayments due to the employee. N.Y. Lab. Law § 663(1). However, plaintiff should not

---

[9] See N.Y. Lab. Law § 652(1) (setting minimum wage at $7.15 for the relevant period).

11

recover liquidated damages under both the FLSA and NYLL, but instead, should recover under whichever statute provides for a greater recovery. Chuchuca v. Creative Customs Cabinets Inc., No. 13 CV 2506 (RLM), 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014).

Plaintiff asserts that the failure to pay overtime compensation was willful. Compl. ¶ 3. The employer bears the burden of establishing that "the act or omission giving rise to such action was in good faith." 29 U.S.C. § 260. As defendants have not met that burden, the three year statute of limitations for the FLSA violation applies, and defendants are therefore liable for liquidated damages.

Here, plaintiff's recovery for liquidated damages is greater under the NYLL than the FLSA, as she is entitled to $3,471.43 in back pay under the NYLL. In total, plaintiff should be awarded $14,010.72 liquidated damages.[10]

### E. Statutory Damages

An employer is required to furnish an employee with a wage statement under the NYLL. See N.Y. Lab. Law. § 195(3). If an employer fails to provide the employee with a wage statement, the employee is entitled to damages of $100 per week that the violation occurred, up to a maximum of $2,500, until February 26, 2015, when the statute was amended. Zhi Fan Li v. Leung, No. 15 CV 5262 (CBA)(VMS), 2016 WL 5369489, at * 21 (E.D.N.Y. June 10, 2016). After February 26, 2015, an employee is entitled to $250 per work day that the violation occurred, up to a maximum of $5,000. See N.Y. Lab. Law § 198(1-d) (amended 2015). Here, plaintiff alleges that defendants failed to provide her with any wage statements throughout her employment. As plaintiff was employed prior to the statute's amendment, she cannot be awarded more than $2,500. See Zhi Fan Li, 2016 WL 5369489, at *21 (granting $100 per week for employment before February 26, 2015

---

[10] This total includes $3,471.43 in back wages plus $10,539.29 in overtime premiums.

12

and $250 for each work day after February 26, 2015). As plaintiff worked more than 10 weeks without receiving a pay statement, she should be awarded $2,500.

### F. Prejudgment and Post-Judgment Interest

Finally, plaintiff seeks prejudgment interest. Compl. ¶ 4. Plaintiff may not recover both liquidated damages under the FLSA and prejudgment interest for the same employment period, because both awards serve the same compensatory purpose. Yu G. Ke v. Saigon Grill, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008). Conversely, the provisions for liquidated damages and prejudgment interest under New York law "serve fundamentally different purpose[s]." Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999). "There is a split in this Circuit as to whether prejudgment interest should be allowed on unpaid wages which are owed under both the FLSA and NYLL." Zhen Ming Chen v. New Fresco Tortillas Taco LLC, No. 15 CV 2158 (RA)(AJP), 2015 WL 5521782, at *9 (S.D.N.Y. Sept. 25, 2015) (collecting cases). As the Court awards liquidated damages based solely under the NYLL, plaintiff should also be entitled to prejudgment interest on damages available under the NYLL. Accordingly, plaintiff should be awarded prejudgment interest on $14,010.72.[11]

Interest is set, according to New York law, at nine percent per annum. N.Y. C.P.L.R. § 5004; see also Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (awarding nine percent prejudgment interest for three years under the NYLL); Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12 CV 4380 (FB)(RML), 2013 WL 6579799, at *6 (E.D.N.Y. December 16, 2013) (same). Courts have broad discretion to establish the first day on which prejudgment interest shall accrue. Santillan, 822 F. Supp. 2d at 298 (citing Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994)). Interest may be calculated from "the date [damages were] incurred or upon all of the

---

[11] Calculated by adding the unpaid wages and the overtime premiums available under the NYLL.

13

damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). Here, it is recommended that prejudgment interest should be awarded to plaintiff from April 17, 2012 until judgment is entered.[12]

Interest is determined by multiplying the state law damages by the interest rate (9%) and the number of years that elapsed between the intermediate date and the date the judgment is entered. See Yu Y. Ho v. Sim Enterprises, Inc., No. 11 CV 2855 (PKC), 2014 WL 1998237, at **19-20 (S.D.N.Y. May 14, 2014) (explaining prejudgment interest calculation). Here, the daily interest rate is $3.45.[13] Accordingly, the calculated prejudgment interest, at a rate of 9% per annum, is $6,710.25.[14]

Plaintiff is also entitled to post-judgment interest. See Fermin, 93 F. Supp. 3d at 53 ("Post-judgment interest is mandatory in any civil case where money damages are recovered.") (quoting Duffy v. Oyster Bay Indus., Inc., No. 10 CV 3205 (ADS)(ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011); see also Begum v. Ariba Disc., Inc., No. 12 CV 6620 (DLC), 2015 WL 223780, at *8 (S.D.N.Y. Jan. 16, 2015) (awarding post-judgment interest in a FLSA and NYLL wage-and-hour case). Interest should be awarded, based on the daily interest rate of $3.45, from the date of this report through the date judgment is entered. Fermin, 93 F. Supp. 3d at 53.

### G. Attorney's Fees and Costs

#### i. Attorney's Fees

The FLSA and the NYLL both allow for an award of "reasonable" attorney's fees. See 29 U.S.C. §216(b); N.Y. Lab. Law § 663(1). "Requests for attorney's fees in this Circuit must be

---

[12] This is the midpoint of plaintiff's employment.
[13] The daily interest rate is calculated by multiplying the amount of unpaid wages by the per annum interest rate and dividing by the number of days in a year. $14,010.72 x .09 = $1,260.96 / 365 days = $3.45).
[14] This sum was calculated by multiplying the number of days between April 17, 2012 and August 4, 2017 times the daily interest.

accompanied by contemporaneous time records that show for each attorney, the date, the hours expended, and the nature of the work done." Juarez v. Precision Apparel, Inc., No. 12 CV 2349 (ARR)(VMS), 2013 WL 5210142, at *13 (E.D.N.Y. Aug. 21, 2013) (adopting Report and Recommendation) (internal quotation omitted).

In the Second Circuit, the amount of attorney's fees awarded to a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) ("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). In determining the reasonable hourly rate, the Court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3. "The burden is on the party moving for attorneys' fees to justify the hourly rate sought." Ehrlich v. Royal Oak Fin. Servs., Inc., No. 12 CV 3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012) (citing Hensley, 461 U.S. at 437). "Courts have broad

15

discretion to assess the reasonableness of each component of a fee award." Jaramillo v. Banana King Rest. Corp., No. 12 CV 5649 (NGG)(RML), 2014 WL 2993450, at *8 (E.D.N.Y. June 4, 2014) (adopting Report and Recommendation) (citation omitted).

Plaintiff requests $2,292.50 in attorney's fees and $351.65 in costs. ECF No. 49-2, ¶ 42. Plaintiff is represented in this action by Samuel & Stein, a law firm specializing in wage and overtime litigation. Michael Samuel and Ruchama Leah Cohen have both worked on behalf of plaintiff in this action. Mr. Samuel has been practicing law in New York since 1994, while Ms. Cohen has been practicing law in New York since 2016. Mr. Samuel bills at $400 per hour, while Ms. Cohen bills at $225 per hour.

The prevailing hourly rate for law firm partners in the Eastern District of New York is between $300 and $450. Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 289-99 (E.D.N.Y. 2012). The hourly rates in this district for senior associates are approximately $200 to $325 and $100 to $200 for junior associates. Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (quoting Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc., No. 11 CV 3252 (MKB), 2013 WL 4039370, at *2 (E.D.N.Y. Aug. 7, 2013)). The Court finds Mr. Samuel's billing rate of $400 per hour reasonable. Likewise, the Court finds Ms. Cohen's hourly rate of $225 reasonable.

The Court must also determine whether the hours expended by plaintiff's counsel were reasonable. Cuevas v. Ruby Enters. of N.Y., Inc., No. 10 CV 5257 (JS)(WDW), 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013). "[T]he Court must use its experience with the case, as well as its experience with the practice of law to assess the reasonableness of the hours spent . . . in a given case." E. Sav. Bank, FSB v. Beach, No. 13 CV 0341 (JS)(AKT), 2014 WL 923151, at *14 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks omitted); see also Firststorm Partners 2,

LLC v. Vassel, No. 10 CV 2356 (KAM)(RER), 2012 WL 3536979, at *5 (E.D.N.Y. Aug. 15, 2012) (the court must determine if the hours "have been reasonably expended"). Mr. Samuel and Ms. Cohen submit contemporaneous time records for 13.8 hours of work.[15] Mr. Samuel performed .4 hours of work, and Ms. Cohen performed 13.4 hours of work.[16] The time Mr. Samuel and Ms. Cohen expended on this case is reasonable. See, e.g., Apolinar v. Global Deli & Grocery, Inc., No. 12 CV 3446 (RJD)(VMS), 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013) (approving 44.93 hours as reasonable in FLSA default action for two plaintiffs). Based on a review of the contemporaneous records, the Court should award plaintiff attorney's fees in the amount of $3,062.50.

      ii. Costs

A prevailing plaintiff in an FLSA and NYLL action is also entitled to recover costs. 29 U.S.C. § 216(b); NYLL § 198(4). Plaintiff seeks $351.65 in costs for service of process. The request is supported by contemporaneous records. See Exhibit F, annexed to Attorney Affirmation in Support of Motion for Default Judgment, ECF 49-8. The costs are reasonable. See Kalloo v. Unlimited Mechanical Co. of N.Y., Inc., 977 F. Supp. 2d 209, 214 (E.D.N.Y. 2013) ("Plaintiffs' request for . . . costs is reasonable and sufficiently supported by their contemporaneous records."); Leung, 2016 WL 5369489, at * 21 (awarding $510.50 in costs for service of process and filing fee based on documentation). Plaintiff should be awarded $351.65 in costs.

---

[15] Plaintiff does not seek attorney's fees for the work performed prior to November 21, 2016.
[16] One hour of Ms. Cohen's work is billed at half of her hourly rate ($112.50) as the time was spent travelling to court.

### H. Award Summary

In sum, plaintiff should be awarded:

| CATEGORY | TOTAL AMOUNT |
|---|---|
| Unpaid Wages | $3,471.43 |
| Unpaid Overtime | $10,539.29 |
| Liquidated Damages | $14,010.72 |
| Statutory Damages | $2,500 |
| Prejudgment Interest | $6,782.70 |
| Attorney's Fees | $3,062.50 |
| Costs | $351.65 |
| **TOTAL** | **$40,718.29** |

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion for a default judgment should be granted. A default judgment should be entered against defendants in the total amount of $40,718.29, representing $3,471.43 in unpaid wages, $10,539.29 in unpaid overtime wages, $14,010.72 in liquidated damages, $2,500 in statutory damages, $6,782.70 in prejudgment interest, $3,062.50 in attorney's fees, and $351.65 in costs. The Court should award plaintiff post-judgment interest at a rate of $3.45 per day through the entry of judgment.

Plaintiff is hereby ordered to serve a copy of this Report upon defendants at their last known addresses and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an

extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                          /S/  
                                                                                    LOIS BLOOM  
                                                                             United States Magistrate Judge

Dated: August 4, 2017  
       Brooklyn, New York